IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANGELA R. PORTER                                                       PLAINTIFF

vs.                                   Civil No. 6:12-cv-06065

CAROLYN COLVIN                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Angela R. Porter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for SSI was filed on January 9, 2009. (Tr. 9, 84-86). Plaintiff alleged she was disabled due to anxiety, chronic back pain, headaches, cystic fibrosis, lung tumor and asthma. (Tr. 104). Plaintiff alleged an onset date of July 1, 2007. (Tr. 104). This application was denied initially and again upon reconsideration. (Tr. 48-51, 58-59). Thereafter, Plaintiff requested

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

an administrative hearing on her application and this hearing request was granted. (Tr. 60-61).

Plaintiff's administrative hearing was held on March 18, 2010. (Tr. 26-45). Plaintiff was present and was represented by counsel, Sherri McDonough, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 20, 30).

On September 3, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 9-21). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 9, 2009, her application date. (Tr. 11, Finding 1). The ALJ also determined Plaintiff had the severe impairment of chronic obstructive pulmonary disease with some reactive airway problems and a nodule in her left lower lung zone; disc narrowing at the L5-S1 level; major depression, recurrent, moderate in severity; and posttraumatic syndrome disorder with panic attacks. (Tr. 11, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-20). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work limited to unskilled work where interpersonal contact incidental to work performed; tasks cannot be more complex than those learned and performed by rote with few variables and requires little judgment; and simple, direct and concrete supervision is required. (Tr. 13, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19-20, Finding 5). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ also determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified that considering her age, education, work experience, and RFC, Plaintiff retained the capacity to perform occupations such as cashier II with under 1,000,000 such jobs nationally and 9,000 such jobs in Arkansas. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability as defined by the Act from her application date or from January 9, 2009 through the date of his decision. (Tr. 21, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 83). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 9, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 3, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing and (B) in his RFC determination of Plaintiff. ECF No. 8, Pgs. 10-17. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9.

#### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included chronic obstructive pulmonary disease with some reactive airway problems and a nodule in her left lower lung zone; disc narrowing at the L5-S1 level; major depression, recurrent, moderate in severity; and posttraumatic syndrome disorder with panic attacks. (Tr. 11, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out

in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she specifically meets Listing 12.04 for Affective Disorders and 12.06 for Anxiety-related Disorders. ECF No. 8, Pg. 10-16. To be disabled under these Listings, the requirements of both subsection A and B of the Listings in question must be met. 20 C.F.R. 404, subpt. P, app. 1, §§ 12.04, 12.06. In this matter, the ALJ correctly determined that Plaintiff did not meet the four elements of subsection B (the "B" criteria) of any listed mental impairment. (Tr. 12-13). The "B" criteria require at least two of the following:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

*See* 20 C.F.R. 404, subpt. P, app. 1, §§ 12.04(B), 12.06(B).

To begin with, Plaintiff has failed to present medical evidence to support her allegation that she meets a Listing. During the administrative hearing, Plaintiff testified that she was not receiving any current mental health treatment. (Tr. 41). Further, other than referencing her own testimony, Plaintiff does not reference specific medical records that show she meets the severity requirements of a Listing. ECF No. 8, Pgs. 13-15.

The ALJ determined Plaintiff had mild limitations to her daily activities and moderate limitations in social functioning and ability to maintain concentration, persistence, and pace. (Tr. 12). These findings were supported by the findings of Dr. Shea Stillwell in her Psychological Evaluation where she found Plaintiff's adaptive functioning appeared to be intact; had ability to communicate in a socially adequate and in an intelligible manner; her ability to cope with the demands of work like tasks on a regular basis was unimpaired; her ability to sustain concentration

with basic tasks remained intact; her ability to remain persistent with tasks was mildly impaired due to anxiety; and she was able to complete tasks within a reasonable amount of time. (Tr. 296-299). Finally, neither the record medical evidence, nor Plaintiff's testimony, show Plaintiff experienced repeated episodes of deterioration or decompensation in work. Substantial evidence supports the ALJ's finding that Plaintiff experienced no repeated episodes of deterioration or decompensation in work. (Tr. 12).

The ALJ also properly found Plaintiff failed to establish the presence of the "C" criteria of Listing 12.04. (Tr. 12). The "C" criteria under Listing 12.04 require the following:

> C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

*See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(C).

As previously mentioned, during the administrative hearing, Plaintiff testified that she was not receiving any mental health treatment. (Tr. 41). Consistent with Plaintiff's testimony that she was not receiving mental health treatment, the ALJ found that the record did not contain a medically documented history of chronic affective disorder of at least two years' duration that has caused more than a minimal limitation in the claimant's ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support. (Tr. 12).

The ALJ also properly found there was no medical evidence in the record showing Plaintiff had repeated episodes of decompensation; a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or a current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.  (Tr. 12).

Also, the ALJ made a finding showing Plaintiff did not meet the "C" criteria under Listing 12.06.  (Tr. 12).  The "C" criteria under Listing 12.06 is the following:

> C. Resulting in complete inability to function independently outside the area of one's home.

*See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.06(C).  In his decision, the ALJ found no indication in the record of Plaintiff's inability to function independently outside the area of her home.  (Tr. 12).

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### **B. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.

*See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work limited to unskilled work where interpersonal contact incidental to work performed; tasks cannot be more complex than those learned and performed by rote with few variables and requires little judgment; and simple, direct and concrete supervision is required. (Tr. 13, Finding 4).  Plaintiff argues the ALJ erred in this RFC determination.  ECF No. 8, Pgs. 16-17.  However, substantial evidence supports the ALJ's RFC determination.

To begin with, Plaintiff failed to present any medical evidence of a physical impairment which would suggest a physical limitation.  Plaintiff argues the ALJ erred in his RFC determination because she has a poor ability to deal with the public and work stressors and no more than a fair ability to work without interruption from psychologically-based symptoms interrupting or to work at a consistent pace.  ECF No. 8, Pg. 17.  Plaintiff fails to refer to any medical evidence to support her argument and only relies on her testimony before the ALJ.  However, statements about pain or other symptoms alone will not establish disability.  There must be some medical signs and laboratory findings which show a disability.  *See* 20 C.F.R. § 416.929(a).

The ALJ, in his RFC determination, assessed Plaintiff with the mental limitation to perform

9

unskilled work where interpersonal contact was incidental to work performed; tasks cannot be more complex than those learned and performed by rote with few variables and requiring little judgment; and simple, direct and concrete supervision is required. (Tr. 13, Finding 4). As discussed above, these findings were supported by the findings of Dr. Shea Stillwell in her Psychological Evaluation where she found Plaintiff's adaptive functioning appeared to be intact; had ability to communicate in a socially adequate and in an intelligible manner; her ability to cope with the demands of work like tasks on a regular basis was unimpaired; her ability to sustain concentration with basic tasks remained intact; her ability to remain persistent with tasks was mildly impaired due to anxiety; and she was able to complete tasks within a reasonable amount of time. (Tr. 296-299).

Additionally, the opinion of Dr. Brad Williams supports the ALJ's mental RFC determination of Plaintiff. (Tr. 307-330). Dr. Williams prepared a Mental RFC Assessment on Plaintiff and found Plaintiff was able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, few variables, little judgment; and supervision required is simple, direct and concrete. (Tr. 330).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED** this **20th day of June 2013.**

                                          /s/   Barry A. Bryant  
                                          HON. BARRY A. BRYANT  
                                          U. S. MAGISTRATE JUDGE